■ LUTHER JOHNSON, Appellant, v RITA JOHNSON, Respondent.—Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered April 26, 1991, which, *inter alia,* denied plaintiff's motion for summary judgment on his cause of action seeking a modification of the parties' separation agreement, and for disqualification of defendant's attorney, unanimously affirmed, without costs.

The parties signed a separation agreement dated June 27, 1984 providing, among other things, for plaintiff's transfer to defendant of certain shares of stock and payment to her of $300 every two weeks as maintenance. Plaintiff never transferred the shares of stock, and, after apparently making the stipulated maintenance payments for about six years, is now concededly in arrears. In this action for divorce commenced in December 1990, plaintiff seeks, in a second cause of action, a modification of the separation agreement striking the paragraphs covering the transfer of the stock and maintenance payments on the ground that he agreed to these terms only

because he was not represented by counsel when the separation agreement was signed, and was in a state of extreme emotional turmoil. His motion for summary judgment on this cause of action, and seeking disqualification of defendant's counsel as well, was denied.

Permanent maintenance, that is, maintenance for an indefinite period of time, is permitted when a spouse "has not been shown to be leading a life of leisure at the expense of [the other spouse] * * * or to be deliberately working at less than her capacity" (Pottala v Pottala, 112 AD2d 553, 554). There has been no showing here that defendant has enjoyed any windfall from the continued maintenance payments, plaintiff's conclusory assertion that defendant is "gainfully employed and more than able to support herself" notwithstanding. Thus, plaintiff has not shown as a matter of law that his maintenance payments are unfair or unconscionable. Nor has there been a sufficient showing that plaintiff signed the separation agreement under duress. Plaintiff complied with the terms of the agreement by making the required payments for some six years, "[b]y any measure * * * a considerable length of time and * * * more than sufficient for a party who has acquiesced to an agreement against his better judgment, or under duress, to raise his objections and to disavow the agreement" (Groper v Groper, 132 AD2d 492, 496). And, although defendant's attorney met with plaintiff and defendant prior to the signing of the agreement, he never purported to represent plaintiff, and, in fact, claims to have advised plaintiff to obtain independent counsel. Consequently, defendant's attorney was not in a position to expect that he would be called as a witness to clarify any prior dealings with plaintiff (see, Code of Professional Responsibility DR 5-102 [A]), and should not be required to withdraw. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.